Allison R. Schmidt, Esq.
Nevada Bar No. 10743
ALLISON R. SCHMIDT ESQ. LLC
8465 W. SAHARA AVE.
Suite 111-504
Las Vegas, Nevada 89117
Phone: (702) 387-7222
Fax: (702) 387-7222
Email: Allison@nevadaslawyers.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL S. HALES,<br><br>  Plaintiff,<br><br>v.<br><br>GRANT & WEBER, INC.; BARCLAYS BANK DELAWARE; CHASE BANK, NATIONAL ASSOCIATION; FIRST NATIONAL BANK OF OMAHA; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, LLC,<br><br>  Defendants | Case No. 2:17-cv-00414-RFB-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

1

IT IS HEREBY STIPULATED by Plaintiff Daniel S. Hales ("Plaintiff") and Defendants EXPERIAN INFORMATION SOLUTIONS, INC ("EXPERIAN"), BARCLAYS BANK DELAWARE ("Barclays"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and First National Bank of Omaha (FNBO) (collectively, the "Parties"), through their attorneys of record as follows:

WHEREAS, documents and information may have been and may be sought, produced or exhibited by and among the parties to this action relating to secret, proprietary, private, or confidential information, including, but not limited to, trade secrets, confidential research, development, technology, employment or personnel records, financial records, information regarding company structure and strategies, and any other proprietary information not readily available to the public belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action who believes, or reasonably should believe, such documents or other materials represent commercially or personally sensitive information, trade secrets or proprietary material may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a

copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of Local Rules.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including, without limitation, Plaintiff, Equifax, FNBO, Barclays or Experian, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this

Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document, information, or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

11. In the event that any party to this litigation disagrees in these proceedings with any designation made under this Protective Order, that party shall notify the disclosing party of its disagreement with the Confidential information designation as soon as possible, but in no event later than forty-five (45) days of the designation of the discovery material as Confidential. Counsel for the parties shall then endeavor to reach

an agreement regarding the status of the affected discovery material within ten (10) business days of the date notice of the disagreement was given (the "Meet and Confer Period"). If no agreement has been reached upon the expiration of the Meet and Confer Period, the party seeking the designation of Confidential information may seek appropriate relief from the Court. Any application for such relief must be filed and served, if at all, within thirty (30) days following the expiration of the Meet and Confer Period. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

*/ / /*

1 | **IT IS SO STIPULATED.**

2 | Dated this 29th day of September, 2017.

| ALLISON R. SCHMIDT ESQ., LLC | NAYLOR & BRASTER |
|---|---|
| */s/ Miles N. Clark* <br> Allison R. Schmidt, Esq. <br> Nevada Bar No. 10743 <br> ALLISON R. SCHMIDT ESQ. LLC <br> 8465 W. SAHARA AVE. <br> Suite 111-504 <br> Las Vegas, Nevada 89117 <br> Phone: (702) 387-7222 <br> Fax: (702) 387-7222 <br> Email: Allison@nevadaslawyers.com <br><br> Matthew I. Knepper, Esq. <br> Nevada Bar No. 12796 <br> Miles N. Clark, Esq. <br> Nevada Bar No. 13848 <br> KNEPPER & CLARK LLC <br> 10040 W. Cheyenne Ave., Suite 170-109 <br> Las Vegas, NV 89129 <br> Phone: (702) 825-6060 <br> FAX: (702) 447-8048 <br> Email: matthew.knepper@knepperclark.com <br> Email: miles.clark@knepperclark.com <br><br> David H. Krieger, Esq. <br> Nevada Bar No. 9086 <br> HAINES & KRIEGER, LLC <br> 8985 S. Eastern Ave., Suite 350 <br> Henderson, NV 89123 <br> Phone: (702) 880-5554 <br> FAX: (702) 385-5518 <br> Email: dkrieger@hainesandkrieger.com <br> *Attorneys for Plaintiff* | */s/ Jennifer L. Braster* <br><br> Jennifer L. Braster, Esq. <br> Nevada Bar No. 9982 <br> 1050 Indigo Drive, Suite 200 <br> Las Vegas, NV 89145 <br> *Attorney for Defendant Experian Information Solutions, Inc.* |
| LEWIS ROCA ROTHGERBER CHRISTIE | SNELL & WILMER LLP |
| */s/ J Christopher Jorgensen* <br> J. Christopher Jorgensen, Esq. <br> Nevada Bar No. 5382 <br> 3993 Howard Hughes Parkway, Suite 600 <br> Las Vegas, NV 89169 <br> Phone: 702-385-3373 <br> Email: cjorgensen@lrrc.com <br> *Attorneys for Barclays Bank Delaware* | */s/ Bradley T. Austin* <br> Bradley T. Austin, Esq. <br> Nevada Bar No. 13064 <br> 3883 Howard Hughes Pkwy., Ste1100 <br> Las Vegas, NV 89169 <br> Phone: 702-784-5200 <br> Email: baustin@swlaw.com <br> *Attorneys for Equifax Information Services, LLC* |

| | |
|---|---|
| */s/ Stephen R. Kopolow*<br>Cory J. Rooney, Esq.<br>PO Box 382<br>Omaha, NE 68101<br>Phone: 402-933-9865<br>Email: rooneylaw@outlook.com<br><br>Stephen R. Kopolow, Esq.<br>STEPHEN R. KOPOLOW, P.C.<br>Nevada Bar No. 8533<br>3265 N. Fort Apache; Ste. 202<br>Las Vegas, NV 89129<br>Phone: 866-200-9360<br>Email: skopolow@kopolowlaw.com<br><br>*Attorneys for First National Bank of Omaha* | |

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 11-9-2017

*Hales v. Grant & Weber, Inc., et al*
*2:17-CV-00414-RFB-VCF*

7

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

**(Hales v. Grant & Weber, Inc., et al; Case No. 2:17-CV-00414-RFB-VCF)**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2017 at _____.

_____
QUALIFIED PERSON